May it please the Court, Jeffrey Pyle for Trustees of Boston University and its public circuit. The names and addresses of jurors can't be withheld after a verdict unless the Court makes findings that their release would cause significant harm to the judicial system itself. The District Court in this case didn't follow that rule. Instead, it withheld the jury list for three months without making such findings, and indeed for no stated reason on the record whatsoever. The Court also refused to release the street addresses of the jurors, thereby frustrating WBUR's attempt to identify all of the jurors. The names have been released. The hometowns have been released. WBUR has been able to locate contact information for only six of the 12 jurors based on that information. I'd first like to address the issue of delay. This Court has held quite clearly that if a judicial document is subject to a public right of access, that delay should, in the main, be immediate. In the Pocaskey case, which was decided the year before in Ray Globe, the Court held that even a one- or two-day delay in access to judicial documents, quote, impermissibly burdens the First Amendment. And the reason for that rule is pretty simple. Delay frustrates the public scrutiny of the court system, which is part of what the public right of access is intended to bring about. And here, imposing that delay on access to juror interviews means that jurors can't be interviewed until the public's attention has moved beyond the trial to other matters in the ruleset. Just to be clear on what the source of law you want us to rule on under is, you just mentioned the First Amendment. Yes, Your Honor. You rely on Globe newspapers. I read Globe. That's just a construction of the terms of the jury plan. Globe is a... and we think the Court need not go any further than in Ray Globe to reverse the text of the plan changed at all? Not materially. They moved it from Section 10C to Section 10A, but it may have made non-material changes to the language, but no change has been pointed out. So simplest terms for your argument is there's a jury plan that this Court and Globe newspaper said requires names and addresses. Yes. Therefore, jury plan requires names and addresses, and the story, there's not much more to say. Well, Your Honor, that's our view of the case. But you've got a further view, and that is, if I understood what your last previous argument was, you also say that that release has to be immediate. Yes, Judge. But it can't be immediate because even you will concede that on the Globe, the release doesn't have to be until after the end of the trial. Well, what the Globe Court held, construing the jury plan in light of the First Amendment right of access and discussing the First Amendment right of access at great length, was that the interest of justice standard of the jury plan applies the moment the jury is impaneled. There may be good reasons for withholding the jury list during trial, but remember that many circuit courts have allowed the release of jury names during trial. Now, Globe is the controlling precedent here, so that on the Globe, the release isn't immediate. Well, under Globe, there's a delay at least until the time the jury returns its verdict or is discharged because of a mistrial or something like that. I respectfully disagree with that reading of Globe. I think that Globe leaves open the possibility that the media can obtain access to jury names during trial if the interests of justice don't require impanel. I think I'm agreeing with the question. Globe didn't hold necessarily the opposite, but all it does hold is the plan requires it post-verdict. We have a motion here for it to be given earlier than post-verdict? No, Your Honor. So the only delay you're talking about is how fast post-verdict it has to be released? That's really all that's in controversy in the case, yes. And how fast was it released post-verdict under Globe? Immediately? That's what you mean by immediate? Well, in the facts of the Globe case, the court issued an order impounding the jury list indefinitely. But on appeal, the court's ordering of the release of the names and addresses was what? Immediate? Or did they remand for the district court to have a chance to make findings once it realized it had to make specific findings? My read of Globe is that it was immediate, that the case was remanded to the district No opportunity for the district court to make individualized findings at that point? That's my memory of how... What would be the sense in that? Well, the Globe case looked at the reasons that the judge had given for refusing to release the list. The juror has said requested anonymity. That wasn't sufficient. It deemed the reasons insufficient. It did not remand for further findings of fact for reasons to give the court a second chance to find reasons to withhold the list in that case. Maybe a slightly different case because the judge seemed to be under the impression that it would be consistent with the jury plan and the Globe and common sense, I guess, in his view, to have just a categorical rule. So if Globe required us to reject that conclusion, why wouldn't it make sense to remand for the district court to then have an opportunity to make the kind of findings that Globe thought could suffice if, on this record, he thought in a high-profile trial, particular jurors might be at risk? The only findings that Globe says could suffice to withhold the verdict, the jury list after the verdict, is a threat to the judicial system itself, such as a threat to jurors' safety. And the district court had four opportunities, both two orders with the Barry Cabin trial and two orders with the Glenn Chin trial, to explain the reason for the three-month delay here. But all that goes to, I think, is, just to follow up on Judge Barron's point, is why not remand this to the district court for the development of further findings? If you look at the Blagojevich case from the Seventh Circuit, that's what the court did? Yes. Remanded for the development of further findings. Why not do that here? Well, the Blagojevich case involved a request for access to jury names during the trial itself. Here, the trial is long over, and there's no hint of the kind of, that the district court could possibly make the findings, but by the way, he's already released the names in hometown, so as far as a remand is concerned, the only relief we're seeking, as far as the Chin jury verdict, has to do with releasing street addresses to go with the names. Doesn't that make it all more reasonable to have the judge weigh in on that? That's the most sensitive piece of information from the jurors' perspective. So if there's safety concerns, which he didn't think he had to inquire into, why would we want to have him release it with no chance to have inquired into it? Well, Your Honor, certainly remanding for him to make a determination as to whether or not jury safety would be imperiled by addresses, and for that limited purpose only, as I think about it here today, might be a perfectly appropriate thing to do, so long as the court makes clear that after the verdict, as the court held in Enright Globe, the only findings that can justify even a delay in access to names and addresses are the kinds of findings that Enright Globe said are necessary. I'd like to press you on the question of addresses, and as the district court judge noted, we live in a different time. We live in the age of the internet, in the age of potential harassment. Juror service is a right and a privilege. It's important for the, to protect the rights of the accused, for the whole notion of Republican form of government. It doesn't mean, to address this argument, it doesn't mean that a person, by dint of gives up their right to privacy. Now, nowadays, people go to great lengths to remove their names from People Search and Tellius. They don't want their addresses presented to the general public. Are you saying that that person who serves as a juror, who fulfills his or her responsibility, is thereby surrendering their right to privacy? Your Honor, I think that the Globe case addressed this head-on, and it held that the risks of having people's rights decided by anonymous juries must be weighed against... We're not talking about anonymous jurors. We're saying, why not maybe, as the judge did here, the name of the juror and the hometown? The point of Globe is that jurors must be identified, not merely named. And the record in this case shows that absent street addresses, some of those jurors cannot be identified. That's what the affidavit of David Boeri in the appendix shows. We cannot identify all the jurors without addresses. Just to press the argument, is the idea that if the, suppose a person doesn't have a fixed address who was a juror, would you have to give up social security number? Your Honor, I don't think that the need to identify jurors necessarily extends as far as a social security number. Why not? Well, simply because it is in all likelihood that because jurors are summoned to the court via their addresses, it'll probably be possible to hunt down the jurors if given the right to addresses. And the record here doesn't reflect that there's any difficulty in locating any juror based on addresses alone. In fact, in the Fiddler case, Mr. Boeri was able to identify all 12 jurors based just on addresses. Before you sit down, I have just one set of issues about jurisdiction that I just want to understand. What is the basis, and I understand why you in particular are here, but what is the basis of the claim? So I'm not quite following how this law works here. We said it's unclear whether you can intervene, so you're not an intervener. Well, the district court permitted our motion to intervene. Permitted intervention? The district court did permit intervention. Have we held that that's permissible? Yes, Your Honor. Okay. I can't cite the case standing here, but I believe so. Thank you, Your Honor. Good morning, Your Honor. I'm Justice Greg Dubinsky. Court appointed amicus in support of affirmance. I'd like to begin by picking up on the thread of Judge Barron's and Judge Katzmann's questions about whether jury service entails a necessary loss of privacy. It does not. And Globe did not hold that it does. This case is not about a mechanical application of Globe. If one reads the decision in Globe, it's quite clear the court was concerned there about permanent withholding of juror identities. It said that as a rule in a democracy, criminal trials should not be decided by anonymous persons. So to take Judge Katzmann's point, this case is not about whether criminal trials should be decided by anonymous persons. It's about whether or not a district court can make particularized findings in the appropriate case that delay is an appropriate avenue to pursue. And we would hold that because the court's decision in Globe was concerned with a constitutional line That is, whether or not the First Amendment would permit total withholding of juror identities absent a great deal of potential harm that could be shown. The harm in delayed access is much less than denied access. It follows a fortiori that the standard that was put forward in Globe, the very stringent standard about the kinds of findings that are required to withhold permanently,  To the extent that argument has validity, however, Globe did require that the names and addresses be supplied. And it seems to me that whereas the same stringent standards may not be applicable to the timing inquiry, certainly the fact of disclosure, the failure of the district court here to disclose, in particular the addresses, ought to be subject to the Globe standard. And, indeed, this court ought to have no choice but to follow Globe under the law of the circuit doctrine. So, Your Honor, on the question of addresses, what the Globe court did, as you indicated in your question, was it said that it construed the word names in the federal statute to encompass addresses. Now, as Your Honor knows, the issue of addresses was not briefed insofar as the question of what was needed to identify jurors. We have a holding by a prior panel of this court saying names and addresses have to be disclosed in accordance with the jury plan in the absence of particularized findings. That holding is binding on this panel. And what I would We don't go behind it to say, well, there were arguments that could have been made that weren't properly made. Well, Your Honor, respectfully, we disagree on whether that particular snippet of language in the opinion is binding. But even if the court believes it is binding, we would submit the decision was wrongly decided and that the court should employ the informal in-bank procedure. Go en-bank, I said. I'm sorry? You said employ the full en-bank procedure. Informal, I said. The informal en-bank procedure this court has used in previous The informal en-bank would require us to get the consent of every active judge of this court, and there's no indication that we can do that. Well, the court has done that in the past. We've done that where there is complete agreement and consensus that there's an obvious need to change a circuit precedent. But counsel is on very thin ice if you assume that that's true in any particular case, especially in this case. Well, with respect to why the court should consider employing that procedure here, we think this isn't the run-of-the-mill case where the application of a precedent is simply disfavored by one side. The basis for the Globe's decision was the construction of a phrase in the federal statute that simply didn't even include the requirement that is at issue here, the street addresses. The jury plan itself refers only to the names of jurors. Exactly, Your Honor. There's no indication of addresses. The jury plan refers only to names. The federal statute, the Jury Service and Selection Act of 1968 referred... Were addresses requested in Globe? I believe they were, Your Honor, yes. So they were ordered released. Indeed, Your Honor. Over an order denying the request. That's like basic holding. So we're not, I think, equivalent with the idea that addresses were released or that the Globe Court did address addresses. We're simply saying that the question of street addresses versus hometowns was not briefed. The Globe Court said that street addresses are necessary to identify familiar names. Whether that's true as a factual matter, even in 1990... That's a construction of the plan. That was a construction of the federal statute, according to the Globe Court. The statute through the plan. The plan gives discretion to districts as to whether or not to be as forthcoming as the Massachusetts district has chosen to be. Yes, Your Honor. So it's a construction of that plan. The text of that plan hasn't changed since Globe. That's not in a substantive way. So the normal way we would think about that if it was a regulation or a statute is that regulation or statute as construed by this court means when it says names, names and addresses. Right. And again... So then that's just what it is and the plan hasn't changed. I suppose it could change if the district wanted to change it. Just to take a step back, we don't think there's any basis to say, for example, putting aside the question of what the plan says, that the plan should be construed against backdrop First Amendment principles, for example, to require the disclosure of street addresses. So just to take a step back and remind ourselves of the background principles. Very many, there are a great deal of federal districts across the country that don't require the disclosure either of names or addresses. I understand that's not the jury plan in this case. Juror privacy is quite important. The Globe Court recognized that. Now, we would submit that the snippet of language in the Globe Court decision is not binding because the issue of hometowns versus addresses in the service of identifying jurors was not before the court, but if the court does not agree with that particular argument, you know, again, I would stress reconsidering the holding. Go ahead. You started out by referencing Globe's language regarding the articulation of grounds for nondisclosure. And in your own brief, you note that the judge's opinion here, a very scholarly opinion, did not give case-specific reasons for delaying disclosure. Nonetheless, this court may affirm on any apparent basis from the record, and then you present various arguments. Are we in a position to really make those findings that might have, in the judge's mind, been the basis for not disclosing addresses, for example? I certainly think, in picking up the question earlier in the argument, remand is a possible avenue for the court, but I would submit that remand should be, if there is a remand, the court should be entitled to make findings that are less, under a standard that's less stringent with respect to delay than the standard articulated in Globe. And the reason for that, again, is that this court has said, and many courts have said, including the Supreme Court, that the delay in access under the standards of the First Amendment is less harmful than a denial of access. I'm struggling with the notion of what we gain by a remand. The names have already been disclosed, so the issue of delay with respect to the names is no longer material. Although the addresses haven't been disclosed, the delay between the time of the jury verdict and now is so lengthy that it makes the prospect of further delay almost ludicrous. So there's no delay issue left in the case, is there? I understand you're making an argument that the addresses shouldn't be released at all, but that's not a delay issue. So setting aside the issue of the addresses, I think I understand the question to be targeted at whether the remand should be to the district court to enter in particularized findings concerning the delay. Now, I understand Your Honor's question to be the names are released, and so what would the object be? The way the issue has been mooted, I mean, as far as this case is concerned. To take up my friend's arguments for him, I would say the issue is capable of repetition, certainly. And so whether the prospect of future judges deciding, as they've done since this Court's decision in Globe, that delay is an appropriate path for a district court. Would the issue of juror safety still be alive? In other words, the concern that I would have is that you had a district court who seemed to be of the view that Globe, insofar it was of the view that there was a First Amendment need to release individualized addresses. And as a consequence, and that explained in a very thoughtful opinion why that was the case, but if it was wrong in thinking it had the power to do that, then there's no indication the district court inquired in a focused way into whether in this particular case as any of these particular juries there was a safety issue with releasing their particular addresses. If there was, it would be problematic to bypass that opportunity, and so the district court would then have the chance to do that. I think Judge Barron's question very nicely points to the fact that the jurors in this case, their interest in their safety certainly is not moot and certainly is live and should be given appropriate consideration. And one last question, which is just a puzzle to me about this case. We're interpreting a plan formulated by judges who sit not far from where we are right now. They could figure out whether they think their plan's good or bad. They know that there's a case saying their plan means you have to give out addresses. Wouldn't that be the appropriate body to change it? I certainly think they would be well advised to do so, but I think in the absence of action by those judges, it is incumbent upon this court to construe the plan in a way that... Wouldn't the natural conclusion be if they haven't done anything to change it, they must think it's okay? Well, on that point, very quickly, as I've indicated in my brief, since GLOBE, district courts in the District of Massachusetts have often employed what they think is their recognized authority to delay disclosure of jury identities, and they've understood GLOBE to mean that. So if this court rules that GLOBE in fact means that delays should be gauged under the very stringent standard in GLOBE, I think that would be a change to the practice in the District of Massachusetts. Is there an advisory? Most of the districts have something like an advisory committee on rules. Has this matter been brought up to the advisory committee of the district court? I don't know the answer to that off the top of my head, but I certainly think that, as I said, they would not have any reason to think that delays would be required to be assessed under the very stringent standards, so it would be understandable if that issue had not been brought to their attention. And this court's ruling saying that delays should only be ordered in cases of threats to jury safety would indeed be a revelation, I think, to many judges in the district. Would it be a revelation that GLOBE required addresses? I don't think that would be a revelation, though I do think that, as the district court in this case explained, there are many good reasons, not only basic principle reasons. Those could be taken up by the district and the district could decide to change the plan if it wanted. That's certainly a possibility we're willing to acknowledge. And Judge Young, this is Appendix 338, in the Wright case, ordered, as I see it, a list of names and cities and towns wherein the jurors reside. He didn't require addresses specifically? That's correct. And to the extent that that practice is something that's, I think, emerging in the district of Massachusetts, I think this court should take notice of that fact and why. Is there evidence in the record of whether the district post-GLOBE, any district judges have given out addresses? Not other than the record that Judge Kasman pointed to. That's hometowns. Has any juror's personal address been given out post-GLOBE? In any case, do we have any record showing that? And then my answer to reflect that, aside from what Judge Kasman pointed to as far as Judge Young, my understanding is that, yes, generally they are. They are. That's my understanding. But I will note that the district of Maine in this circuit does not disclose either juror names or addresses unless the court orders that to take place. And many districts across the country do not do so. But that's also because the jury plan differs district from district. Indeed, Your Honor, and I think that's precisely the point. The First Amendment does not require the disclosure of street addresses, let alone names. Thank you.